Hi, my name is Deborah Bigby and I represent Mr. Higgins, and I would like to reserve three minutes of my time for rebuttal, if possible. There are two cases here, and one was handled by Judge Snow, the other one was handled by Judge Campbell, and the government in its answering brief conceded one of the issues in Judge Snow. So I was going to address Judge Campbell's case first, unless you have questions on Judge Snow's case, but I'll talk about both of them. The main issue, I think, in Judge Campbell's case is whether the mitigating role reduction in Section 2D1.185 is a guideline application decision. In this court, in the to the facts of a given case make it a guideline application decision. It wasn't a sentencing guidelines case, but I still think that that definition applies here, and I think that Judge Campbell's decision to apply the mitigating role reduction was a guideline application decision, and because the guidelines state that when you're calculating the amended guideline range, you have to leave all guideline application decisions unaffected. I think it was error here that he removed the two-level reduction from the calculation of the amended guideline range. I think Judge Campbell, as you can tell from his written order, realized that this goes against the intent of Amendment 782, and that this kind of resulted from an unanticipated interaction between the guidelines, and I think he was right, but he also said, you know, I can't rewrite it, and that's right, too. But I think that the Sentencing Commission's choice of language here about guideline application decisions remaining unaffected makes a lot of sense. There are a lot of these Amendment 782 motions, and the guidelines are complex and involve a number of interrelated sections, and by adding this language, I think, I believe that the Sentencing Commission did not intend each one to involve... You know, it may not, and the remedy might be somebody needs to bring this to the attention of the Sentencing Commission that this interacts in this unfortunate way, but that seems to be the way it operates. Unless you find that the mitigating role reduction is a guideline application decision, and then you would just leave that number there, and even though I agree with you, it doesn't really work because the baseline offense level is lower, but one of the things that I noticed when I was reading this provision, the 1B1.10, is at the very end in the commentary section, they state three reasons why an amendment is applied retroactively. One is the purpose, the second one is the magnitude of the change in the guidelines, and the third one is the difficulty of applying the amendment retroactively to determine an amended guideline range under 1B1, and I would submit that, you know, if the courts have to go back and reconsider guideline application decisions, that doesn't really go with the Commission's intent here, and it's also contrary to the Supreme Court's decision in Dillon, which says that we don't change guideline application decisions, even if they're wrong, and in this case, you know, because the base offense level would be reduced to 28, applying that would be wrong because it says it has to be 30, but that's kind of my position in that case. In the Snow case, again, I don't really know how to argue this because the government kind of conceded that, yeah, he should have gotten 73 months, that the variance should have been included, but the critical issue there is that under the exception contained in 1B1.10B2, capital B, whether a non-assistance reduction may be combined with a substantial assistance reduction in calculating the comparably less component, and, you know, there are three other circuits that have said, no, you can't do that because the provision, capital B, has this phrase in it that says, pursuant to a government motion for substantial assistance, and they are interpreting that, those other circuits, as an exclusionary term and saying that you can't do that, but I can tell you why you can, and it's an amendment, 759, which is the amendment that changed the prior version to the version that we have now, and the way that it used to work is there was a single limitation. It just said if you're sentenced to a term of imprisonment that was less than the term of imprisonment provided by the guidelines applicable at the time you were sentenced, a reduction comparably less than the amended guideline range may be appropriate. That was the old version, and then they added a statement, though, basically saying that, but if it's a variance, you can't get it. You do not get it, and they said that in 759, they say that this caused a lot of litigation and controversy, and that a single limitation applicable to both departures and variance furthers the avoid litigation and disparities in sentencing, but the most important thing that they said is that current B is clearer because it restricts the exception to cases involving a government motion for substantial assistance, and so I think if you combine the reason why they did that with the broad term involving, I think that what they're using here, pursuant to a government motion for substantial assistance, is not an exclusionary term. It's a term that opens the gate, and once you meet that, it sort of triggers, okay, then you get all reductions, whether they're for assistance or not. The other thing is that the guidelines and the application notes are silent on this, and I think that if they really didn't want non-assistance variances and departures to be considered, they would have said that, like they did in the last version. They're not shy about saying, this isn't warranted. They say it in 1B1.1, guideline application decisions shall remain unaffected. They don't say that here, and I'm just afraid that my time's up, so I'll reserve the rest of it, unless you have a question. I have a question. Could Judge Campbell have given him a lower sentence than he did, despite his view of the guidelines? At original sentencing or on the reduction? No, no. When he resentenced him. When he... Came out with the same guidelines. He, when you take out the two points... Yes. ...the guideline, and you include in the substantial assistance, the range is 92 to 115 months, so you really, he couldn't, because 92 is greater than 86, which is what his original sentence was. His original sentence was 86? 86 months, yes. And this sentence, after changing the guideline, was 92? Yeah, after changing, when you calculate, if you calculate the amended guideline range without including the two levels for the mitigating role reduction, which he said that, you know, I can't do that, because it doesn't apply anymore, the level comes down to 23, because he started at 32, but it got knocked down to 30 with the amendment, and then he got a two-level reduction for minor role, three-level reduction for acceptance of responsibility, but he didn't get the other two for mitigating role reduction, so that comes out to 25. He did have substantial assistance, so that two points, so it brings it down to 23, and the sentencing range is 92 to 115. It's greater than what he was sentenced to, which was 86 months, so in that case, you don't get it. But couldn't he vary downward anyway, under the 3553 factors? No, you don't get to that test until after you decide whether he's eligible for a reduction. So you, if, the way it works in my understanding is that first you have to say, you have to prove that it was, you were subject to a sentencing range, okay? Then you go down and you look, you compare the applicable guideline to the amended guideline, and the amended guideline range has to be lower than the applicable, then you go to that provision A, which says you're limited, you can go no lower than the lowest, the low end of the amended guideline range, and then, except substantial assistance, and then the court decides whether that reduction is warranted. There has to be a reduction. You have to be able to reduce it under the section 3553A factors. That's when it gets to that level. So he actually got a higher sentence after this? Who moved to the amendment to the sentence? I'm sorry, what was that? Oh, he did. He doesn't get any levels added. He's just trying to reduce it under the amendment. So he moved for a reduction in the sentence? Yes. He ended up with an increase? No, they just said you don't get a reduction. I thought you said that he had something like 92 before and 86. That's the amended guideline range calculation. No, no, I didn't ask about the range. I said how he ended up on the sentence. Why he got 86 months? No, no, what was the effect on his sentence of his motion? Nothing. He didn't get a reduction. He ended up with the same sentence? Yeah. Okay, thank you. Sure. Good morning. May it please the Court. Rachel Hernandez on behalf of the United States. Just jumping right in. With regard to the sentence in front of Judge Campbell, with due respect to counsel, the guidelines were the same before and after the reduction. He was at a level 22 originally, and he was at a level 22 after applying the 782 analysis. There's literally no way Judge Campbell under 1B1.10 could have come up with a lower sentence. Under B1 of that section, the Court is required to determine the amended guideline range that would have been applicable had the amendment been in effect at the time of sentencing. Judge Campbell did that. 2D1.1 literally states, A, base offense level, apply the greatest, and lists five subsections. The judge is required to go through those five subsections. He did originally upon sentencing and did again under consideration of the defendant's motion. A5 is applicable. What the defendant requests is a windfall. He requests to be sentenced on resentencing or, I should say, on consideration of his Amendment 782 sentencing reduction to a sentence lower than somebody who is a level 30 today. And the guidelines don't support that, the amendment doesn't support that, and Judge Campbell's sentence was, or decision not to reduce his sentence was appropriate. Moving to the consideration in the Judge Snow case. There, the guidelines were not a consideration. As this Court found in Rodriguez-Soriano, the fact that the initial calculation was based on the guidelines or even that the... May I ask you, do we have to get to Judge Snow if you went on Judge Campbell? It doesn't make a difference to the defendant. You are correct. His sentence, he would remain in custody on the Judge Campbell case. They were concurrent sentences. They were concurrent sentences. They were the same sentence, and that's really my point with the Snow case is although there was an initial discussion of the guidelines, the government asked to speak first on recommendation and said we're asking for a sentence similar to what Judge Campbell gave earlier today in a case with the same type of conduct that occurred during the same time period. And Judge Snow even said, so you're moving that I give a similar sentence and run it concurrent to the Judge Campbell sentence? And the government said, yes, exactly. And that's on ER 18. And from that point, there's no more discussion of the guidelines. The court says at ER 23, I will grant the variance to an 86-month sentence, and that will be consistent and concurrent with the sentence imposed earlier by Judge Campbell. He doesn't reference a new base offense level, a new guideline range, an amount of variance. He says it's almost as if a light bulb goes off. He sets the guidelines aside, and he says, sure, that seems appropriate here. That's what you were sentenced to earlier. I will give that sentence. And under this court's ruling in Rodrigo Soriano, that's not a decision that's based on the guidelines, and therefore under 1B, I mean, excuse me, under 183582C2, it is not applicable for a reduction in sentence. If the court has no further questions. Thank you. The case is argued and will be submitted.
judges: Reinhardt, Fernandez, Wardlaw